# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0549V
UNPUBLISHED

| | |
|---|---|
| SAMUEL KAMAU,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: September 14, 2021<br><br>Special Processing Unit (SPU); Joint Stipulation on Damages; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Leah VaSahnja Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.

*Mallori Browne Openchowski*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON JOINT STIPULATION[1]

On April 15, 2019, Samuel Kamau filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a left shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine received on February 27, 2018. Petition at 1; Stipulation, filed September 14, 2021, at ¶¶ 2-4. Petitioner further alleges that the vaccine was administered in the United States, he experienced the residual effects of his SIRVA for more than six months, there is not a preponderance of the evidence demonstrating that Petitioner's SIRVA and residual effects were due to a factor unrelated to his February 27, 2018 flu vaccine, and there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition. Petition at 1, 3; Stipulation at ¶¶ 3-6.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On June 25, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On September 14, 2021, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

- **A lump sum of $2,181.20, which amount represents reimbursement for a Medicaid lien for vaccine injury-related services rendered on behalf of Petitioner, in the form of a check payable jointly to Petitioner and Equian (Tax ID 27-0083277), P.O. Box 182643, Columbus, OH 43218;**

  **Petitioner agrees to endorse this check to Equian (Event number 28719050).**

- **A lump sum of $80,000.00 in the form of a check payable to Petitioner, which represents compensation for all remaining damages that would be available under Section 15(a).**

Stipulation at ¶ 8.

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| SAMUEL KAMAU, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 19-549V |
| v. ) | Chief Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

**STIPULATION**

The parties hereby stipulate to the following matters:

1. Samuel Kamau, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of an influenza ("flu") vaccine, which is a vaccine contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received the flu vaccine in his left arm on February 27, 2018.

3. The vaccination was administered within the United States.

4. Petitioner sustained a left shoulder injury related to vaccination administration ("SIRVA") within the time period set forth in the Table following receipt of a flu vaccine, and experienced the residual effects of his SIRVA for more than six months.

5. There is not a preponderance of the evidence demonstrating that petitioner's SIRVA and residual effects were due to a factor unrelated to his February 27, 2018 flu vaccination.

6. Petitioner represents that there has been no prior award or settlement of a civil action

for damages on his behalf as a result of his condition.

7. Accordingly, petitioner is entitled to compensation under the terms of the Vaccine Program for his left SIRVA Table injury. Therefore, a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

    a.    A lump sum of $2,181.20, which amount represents reimbursement for a Medicaid lien for vaccine injury-related services rendered on behalf of petitioner, in the form of a check payable jointly to petitioner and Equian (Tax ID No. 27-0083277), P.O. Box 182643, Columbus, OH 43218;

Petitioner agrees to endorse this check to Equian (Event number 28719050).

    b.    A lump sum of $80,000.00, in the form of a check payable to petitioner, which represents compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C.

§ 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on February 27, 2018, as alleged by petitioner in a petition for vaccine compensation filed on or about April 15, 2019, in the United States Court of Federal Claims as petition No. 19-549V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccine either caused or significantly aggravated petitioner's alleged injury or any other injury; however, petitioner has satisfied the Table criteria to establish entitlement to compensation for his SIRVA.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted.

**PETITIONER:**

*/s/*

SAMUEL KAMAU

**ATTORNEY OF RECORD FOR PETITIONER:**

*/s/*

LEAH DURANT
LAW OFFICES OF LEAH V. DURANT, PLLC
1717 K Street, NW
Suite 900
Washington, DC 20006
(202) 775-9200

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*/s/*

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Dale P. Mishler, DHSc, MS, APRN, for

TAMARA OVERBY
Acting Director, Division of Injury
 Compensation Programs
Healthcare Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

Mallori B Openchowski
by Heather L Pearl

MALLORI B. OPENCHOWSKI
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-0660
mallori.b.openchowski@usdoj.gov

Dated: 09/14/2021